IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Crim. No. 14-13-9-RGA |
| ) | Crim. No. 14-27-4 RGA |
| DESHAWN GROCE,      ) | |
| ) | |
| Defendant.      ) | |

**MEMORANDUM**

The United States has moved for a protective order. (D.I. 127).[1] The Defendant has filed an opposition. (D.I. 136). The United States has filed a reply. (D.I. 149).

The Court notes that the motion asserts that the defendants "will be able to ascertain the identity of the witnesses and confidential sources upon disclosure of the discoverable material." (D.I. 127, ¶ 7). The Government states that it is seeking to prevent the defendants from keeping copies of "certain sensitive information." (*Id.*, ¶ 9). "The only limitation the United States seeks is on the physical possession of these documents and its information by the Defendants in prison." (*Id.*, ¶ 12). The proposed protective order describes "information provided by third parties, information relating to cooperating individuals and civilian witnesses, and other relevant materials related to this investigation and prosecution" as the "Sensitive Information." The proposed order prohibits the disclosure of the contents of the "Sensitive Information" by the Defendant and defense counsel. (*Id.*, ¶ 4). It prohibits defense counsel from leaving "Discovery"

---

[1] All references to docket items use the numbering in No. 14-13.

in the Defendant's custody or control. *Id.* I presume "Discovery" in this context is the same as "Sensitive Information."

In his opposition, the Defendant asserts that his "primary objection" is that the protective order would "prohibit [the Defendant] from having meaningful access to the discovery and evidence that the United States intends to offer against him at trial, *including recorded telephone conversations obtained by wiretaps and transcripts thereof, and witness statements which are to be provided to defendants pursuant to the Jencks Act.*" (D.I. 136, at 2) (emphasis added). The Defendant follows up by arguing that procedures within FDC Philadelphia would adequately address the Government's concerns. Defendant notes that he has been moved out of FDC Philadelphia to a Delaware County facility, and argues that the procedures used at FDC Philadelphia can be used anywhere. It does not seem self-evidently true that Defendant's assertion is correct, but presumably an evidentiary hearing could probe into that issue.

In the Government's reply, it discusses the impact of the Jencks Act, but is silent about the "wiretaps and transcripts thereof," *i.e.*, the first listed concern. The Government states, correctly, that the Jencks Act does not compel the Government to produce witness statements prior to the conclusion of direct testimony of a witness. (D.I. 149 at 2).

It is thus unclear to me whether there is any real dispute on the subject of the wiretaps and the transcripts. Disclosure of the wiretaps and the transcripts thereof do not implicate the "safety of witness" concerns the Government has. With the understanding that the Government does not consider those materials as "Sensitive Information," that satisfies the Defendant's first concern. As to the witness statements, the Government's concern for safety is real, and since there is no obligation to turn them over at this time, the restrictions that are put on them if they are marked as "Sensitive Information" do not, in my opinion, deprive the Defendant of any constitutional or

statutory rights.[2]

Thus, I will **GRANT** the Government's motion as to Defendant Groce, and the Protective Order (D.I. 130) now **APPLIES TO DEFENDANT GROCE.**

*Richard G. Andrews*
United States District Judge   June 9, 2014

---

[2] The Government has provided no information about how many witness statements there are, and whether there would be any particular difficulties in reading and absorbing them. Presumably, the disclosure of these to the Defendant in the days before trial, so as to minimize trial disruption, is a topic that should be on the pretrial conference agenda. Further, if defense counsel, after obtaining the statements, has a particularized concern upon review of them, he should bring the concern up by letter or motion.